GARY M. RESTAINO
United States Attorney

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.santome@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Norman Jeffrey French,<br><br>Defendant. | No. 22-CR-00915-001-PHX-DWL<br><br>**UNITED STATES SENTENCING MEMORANDUM** |

The Presentence Report Writer has appropriately applied the sentencing guidelines to NORMAN JEFFREY FRENCH's ("Defendant") case. In reviewing Defendant's sentencing memorandum and character letters, the United States believes a term of five years' probation is sufficient, and not greater than necessary, to achieve the goals of sentencing.

## I.    FACTS

In early 2022, C-A-L Ranch, a federal firearm licensee (FFL) contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), regarding multiple purchases made by the Defendant. C-A-L Ranch noticed that the Defendant was using a Kingman, Arizona address to place online orders to be picked up in Yuma, Arizona. C-A-L Ranch found this strange because they have a Kingman, Arizona location which would be closer to his residence.

On February 3, 2022, the Defendant picked up three (3) firearms from C-A-L Ranch in Yuma, Arizona. When completing the firearm transaction paperwork, he used a Kingman, Arizona address. After leaving the FFL, he travelled into California and was stopped at a Border Patrol Checkpoint. Defendant claimed he was stopping in California to visit his son and would then be travelling to Kingman. He further acknowledged that he previously held a Federal Firearms License in the 1990's. He admitted to buying guns in Yuma and selling them to "make a little money". Agents seized the firearms he purchased and an additional four (4) firearms he had in his vehicle.

Agents collected all firearms transaction paperwork associated with Defendant's known Arizona purchases which revealed Defendant purchased thirty-three (33) firearms in twenty-one (21) transactions, as follows:

| Date | FFL | Firearm | Recovered |
|---|---|---|---|
| 6/2/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B504211 | |
| 6/2/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B502529 | |
| 6/2/2021 | Sprague's Sports (Yuma, AZ) | Glock Pistol SN: BTDG666 | |
| 6/2/2021 | C-A-L Ranch (Yuma, AZ) | Kimber Pistol SN: PB0379631 | |
| 6/18/2021 | The Gun Shop (Kingman, AZ) | Colt Pistol SN: DR52489 | |
| 7/1/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B04514 | 2/15/2022: Seized from SoCal GunBroker (CA FFL) |
| 7/1/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B531448 | |
| 8/4/2021 | Sprague's Sports (Yuma, AZ) | Ruger Rifle SN: 912-43381 | |
| 8/9/2021 | C-A-L Ranch (Yuma, AZ) | Kimber Pistol SN: PB47590 | |
| 10/6/2021 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: 66B55511 | |
| 10/8/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B748075 | |
| 10/8/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B794968 | |

| Date | Store | Firearm | Status |
|---|---|---|---|
| 10/20/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B772119 | |
| 10/20/2021 | Sportsman's Warehouse (Yuma, AZ) | Sig Sauer Pistol SN: 66B797453 | |
| 10/20/2021 | C-A-L Ranch (Yuma, AZ) | Ruger Rifle SN: 912-51783 | |
| 10/22/2021 | The Gun Shop (Kingman, AZ) | North American Arms Revolver SN: 056922 | |
| 10/23/2021 | The Gun Shop (Kingman, AZ) | Sig Sauer Pistol SN: 66b843547 | |
| 10/23/2021 | The Gun Shop (Kingman, AZ) | Sig Sauer Pistol SN: 66b843568 | |
| 10/23/2021 | The Gun Shop (Kingman, AZ) | Colt Pistol SN: CLW024241 | |
| 11/6/2021 | C-A-L Ranch (Yuma, AZ) | Colt Pistol SN: 70BS18082 | |
| 11/17/2021 | C-A-L Ranch (Yuma, AZ) | Kimber Pistol SN: P0114772 | |
| 11/22/2021 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: M18B058345 | |
| 11/22/2021 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: M18BA015528 | |
| 12/8/2021 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: M18A01697 | |
| 12/8/2021 | C-A-L Ranch (Yuma, AZ) | Lar Pistol SN: A005503 | 2/15/2022: Seized from SoCal GunBroker (CA FFL) |
| 12/27/2021 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: M18A06173 | |
| 12/27/2021 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Frame SN: FC6352393 | |
| 1/19/2022 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: M18A026681 | 2/15/2022: Seized from Firearm Supply (CA FFL) |
| 1/26/2022 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: 66B976519 | |
| 1/26/2022 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: 66B976511 | |
| 2/3/2022 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Frame SN: FC003239 | 2/3/2022: Seized from French during Interview at CA Border Patrol Station |
| 2/3/2022 | C-A-L Ranch (Yuma, AZ) | Sig Sauer Pistol SN: 58J27150 | 2/3/2022: Seized from French during Interview at CA Border Patrol Station |

| | | Col Rifle SN: CR718610 | 2/3/2022: Seized from French during Interview at CA Border Patrol Station |
|---|---|---|---|

On February 14, 2022, C-A-L Ranch notified agents that four (4) additional firearms ordered by the Defendant were available for pickup. ATF seized these four firearms.

Research revealed that the Defendant resided in California. However, Defendant had obtained concealed carry permits in Arizona and Nevada (using addresses in the respective states). Therefore, during firearm purchases in those states he did not go through a background check.

Subsequently, agents learned that Defendant had been using California FFLs to conduct private party transfers of firearms he purchased in Arizona. Agents went to SoCal Gunbroker in Ramona, CA and seized fourteen (14) firearms Defendant was selling at their location on consignment, two (2) of which were purchased in Arizona. Next, agents went to Firearm Supply Company, also in Ramona, CA, and seized three (3) firearms, one of which was purchased in Arizona. All firearms belonged to the Defendant and were being sold on consignment. Both FFLs believed the Defendant was a California resident.

On February 17, 2022, agents interviewed David Lackey, the resident at the Kingman addressed used by Defendant. Lackey is friends with the Defendant and confirmed the Defendant has never brought firearms to his residence and Defendant does not reside there. Lackey had purchased firearms from the Defendant. Agents seized the three firearms in Lackey's possession that were purchased by Defendant.

Agents were able to obtain the Defendant's Armslist.com profile and postings. Defendant was advertising firearms for sale in California. It appears he likely was finding purchasers and then doing the sales through the FFLs.

## II.    PRESENTENCE REPORT

The United States having reviewed the final Presentence Report (Doc. 39), has no objections to the findings and guideline calculation.

### III. UNITED STATES' SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The government, having reviewed the PSR (Doc.39) concurs with the calculation of a total offense level of 15, CHC I, for a sentencing range of 18 – 24 months of imprisonment. The plea agreement stipulates to a cap at the low-end of the guidelines. When considering the § 3553(a) factors, the United States, in agreement with the PSR, submits a sentence of five years' probation is sufficient but not greater than necessary to achieve the principles of sentencing.

The nature and circumstances of these offenses—Illegal Firearm Possession by way of False Statements—is serious. 18 U.S.C. § 3553(a)(1). However, the unique twist to this Defendant's actions is reselling most (if not all) the firearms through FFLs. Although Defendant sought to take advantage of the higher sale price of certain firearms in California, he did so in a way that still ensured those receiving the firearms were vetted through a background check. This minimized the danger to the community.

The history and characteristics of this Defendant supports a probation sentence. U.S.C. § 3553(a)(1). This is Defendant's first felony conviction at sixty-four years old. He

has no prior criminal convictions and does not appear to have a history of bad conduct.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). This felony conviction will prevent the Defendant from possessing firearms and ammunition in the future. In addition, he will not be permitted to engage in the business of dealing firearms again.

The Defendant presents no educational and vocational training needs. U.S.C. § 3553(a)(2)(D). Should Defendant have a change in circumstances, probation would offer support in the future.

When balancing Defendant's criminal actions against his history, characteristics, and ultimate harm in this case – a probation sentence is warranted. For these reasons, the government requests that this Court sentence the Defendant to five years of probation.

**III. Conclusion**

The United States recommends the court impose a five-year probation term, and order forfeiture and/or find for abandonment of all firearms listed in the plea agreement.

Respectfully submitted this 12th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*
ADDISON SANTOME
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2023, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.

Debbie Jang
*Attorney for Defendant*


s/Addison Santome
United States Attorney's Office